**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 01-10328**

---

**JOHN BARNETT, DR.,**

**Plaintiff-Appellant,**

**VERSUS**

**MENTOR H/S, INC.; MENTOR POLYMER TECHNOLOGIES COMPANY,**

**Defendants-Appellees.**

---

Appeal from the United States District Court
For the Northern District of Texas

---

(3:99-CV-1993-P)

December 13, 2001

Before DeMOSS, GARWOOD, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Dr. John Barnett appeals here from the district court's granting of summary judgment in favor of Defendant Mentor H/S Incorporated and Mentor Polymer Technologies Company. Barnett is a surgeon who, among other things, performs breast implant surgery. In 1996, Barnett purchased saline breast implant devices from Mentor. He sued Mentor in Texas state court on July 13, 1999,

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

for breach of contract, fraud, strict products liability, and violations of the Texas Deceptive Trade Practices Act (DTPA). All Barnett's claims were premised on the alleged deflation of Mentor's implants. Specifically, Barnett asserted that he was forced to replace 41 defective Mentor devices that he had implanted in his patients. Mentor removed the case to federal court on diversity grounds and then moved for summary judgment.

The district court granted Mentor's motion for summary judgment on all Barnett's claims. The court concluded that Barnett failed to present sufficient evidence that the implants were defective, which is necessary to prevail on a breach of contract, fraud, DTPA, or products liability claim. In addition, the court found that Barnett failed to establish the existence of a contract, which is necessary to prevail on a breach of contract claim, and failed to provide any evidence of misrepresentations or fraudulent statements, as are required to prevail on a fraud or DTPA claim. Finally, the court noted that, even if the implants had been defective, his products liability claim would fail because he only sought economic losses, which are not recoverable under a products liability theory in Texas. Accordingly, the court held that, as a matter of law, Barnett had failed to demonstrate a genuine dispute of material fact.

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing and oral arguments on the issues in this appeal, we AFFIRM the judgment of

2

the district court for the reasons stated by the district court's order.

**AFFIRMED.**